IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE SALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv337-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

Pursuant to 28 U.S.C. § 2255, petitioner Bobby Joe Sales, a federal prisoner, filed this lawsuit seeking habeas relief. Specifically, he seeks to vacate, set aside, or correct the sentence imposed upon him pursuant to 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act (ACCA).

Sales was convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was then sentenced to 192 months of imprisonment pursuant to § 924(e)(1) based in part on a

**prior conviction for third-degree burglary and a prior conviction for illegal sale of drugs.**

**Sales contends that he is entitled to habeas relief based on the Supreme Court's decisions in <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), that the residual clause of § 924(e) is unconstitutionally vague, and <u>Welch v. United States</u>, ___ U.S. ___, 136 S. Ct. 1257 (2016), that the <u>Johnson</u> decision is retroactive on collateral review. The government, in contrast, takes the position that petitioner is entitled to relief under <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). In any case, the court need not resolve this issue because both parties agree that his petition for habeas relief should be granted.**

**Accordingly, the court will grant his petition, vacate his sentence, and resentence him.**

**An appropriate judgment will be entered.**

**DONE, this the 19th day of August, 2016.**

                                              /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**